UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

KIMBERLY PENDYGRAFT,

    Plaintiff,

v.                                                                                          CASE NUMBER:
                                                          HONORABLE:

CITY OF DURAND, SARAH CAMPBELL,
and NICOLE NOELLE, in their individual
and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

1

1. Plaintiff Kimberly Pendygraft is a resident of the City of Howell, County of Livingston, State of Michigan.

2. Defendant City of Durand is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. Defendant Sarah Campbell is and/or was a police officer employed by the Durand Police Department at all times mentioned herein, and was acting under color of law, in her individual and official capacities, and within the course and scope of her employment at all times mentioned herein.

4. Defendant Nicole Noelle is and/or was a police officer employed by the Durand Police Department at all times mentioned herein, and was acting under color of law, in her individual and official capacities, and within the course and scope of her employment at all times mentioned herein.

5. All relevant events giving rise to this lawsuit occurred in the City of Durand, County of Shiawassee, State of Michigan.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights], and 28 U.S.C. § 1367(a) [supplemental jurisdiction for state law claims].

7. Venue is proper under 28 U.S.C. § 1391(b).

8. This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments to the

United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §§ 1983 and 1988.  Plaintiff also has viable state law claims.

9. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

10. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

11. Plaintiff, along with her husband, own a building located at 217 N. Saginaw Street, which is located in the City of Durand.

12. On or about October 5, 2023, Plaintiff and her husband were lawfully inside of the aforementioned building undertaking some general cleaning and maintenance.

13. In the late evening hours of October 5, 2023, there was knocking coming from the rear door of the building.

14. When the door was opened to see who was knocking, Defendant Campbell walked into the building without being invited or given permission, and otherwise not having any lawful purpose or exigent circumstances to enter the building.

15. Defendant Campbell advised Plaintiff and her husband that they could not be in the building; to which Defendant Campbell was advised that Plaintiff and her husband owned the building and could be there.

16. Because it was insisted that Plaintiff and her husband had to get out of the building, Plaintiff and her husband exited.

17. Defendant Campbell ordered Plaintiff to provide identification, and Plaintiff advised that her identification was in her truck which was parked right where everyone was standing.

18. Plaintiff walked down the driver's side of her vehicle and opened the door of the vehicle to get her identification.

19. As Plaintiff was retrieving her identification, without any warning, commands, or instruction given, Defendant Campbell violently and forcefully grabbed and pulled Plaintiff's left arm, and then Defendant Campbell shoved Plaintiff into the truck and pinned her against the vehicle so she was unable to move.

20. While Plaintiff was pinned against the vehicle, Defendant Campbell pulled Plaintiff's cell phone out of her hand and violently jammed it and forced it against Plaintiff's cheek, while continuing to force Plaintiff's body to be pinned against the truck.

21. Defendants Noelle and Campbell then, without warning, each violently and forcefully grabbed Plaintiff's arms and yanked them backwards to handcuff Plaintiff behind her back.

22. In the process of being handcuffed, Plaintiff advised the Defendant officers of her medical condition which prevented her arms from being able to freely move, but the Defendant officers ignored Plaintiff.

23. Plaintiff was handcuffed, arrested, and placed in the police car.

24. Defendants Noelle and Campbell issued Plaintiff a ticket for trespassing.

25. Upon information and belief, the trespassing charge against Plaintiff was dismissed.

26. As a result of Defendants' actions and/or inactions, Plaintiff sustained injuries and damages.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983 EXCESSIVE FORCE**
**AS TO DEFENDANTS CAMPBELL AND NOELLE**

27. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

28. That Defendants Noelle and Campbell were at all relevant times acting under color of law, in their individual and official capacities, and acting within the course and scope of their employment at all times set forth herein.

29. As a result of the conduct complained of herein, Plaintiff suffered a deprivation of her clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from the deprivation of liberty,

property, bodily security and integrity without due process of law, the right to be free from unreasonable searches and seizures, and the right to be free from excessive and/or unreasonable force.

30. That Defendants Noelle and Campbell violated Plaintiff's clearly established and federally protected rights by using excessive and/or unreasonable force against Plaintiff.

31. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment rights as referenced herein.

32. That the actions of Defendants Campbell and Noelle were at all times intentional, objectively unreasonable, unnecessary, excessive, reckless, and/or grossly negligent, and otherwise in violation of Plaintiff's clearly established rights under the United States Constitution.

33. As a result of Defendant Campbell and Noelle's violations/deprivations of Plaintiff's clearly established constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 UNLAWFUL ARREST, SEIZURE AND DETAINMENT
## AS TO DEFENDANTS CAMPBELL AND NOELLE

34. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches, seizures, and detainments of persons and things.

36. That the Fourth Amendment to the United States Constitution also requires law enforcement officials to have reasonable suspicion or other lawful reason to believe criminal conduct is afoot in order to lawfully detain and/or seize and/or arrest an individual.

37. At all relevant times herein, Defendants Noelle and Campbell acted under color of law, within the course and scope of their employment, and in their individual and official capacities.

38. Defendants Noelle and Campbell acted unreasonably and otherwise violated Plaintiff's clearly established constitutional rights when they unlawfully seized/detained/arrested Plaintiff and otherwise unlawfully restricted Plaintiff's freedom of movement.

39. That the actions of Defendants Noelle and Campbell were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution and the Amendments thereto; and which proximately resulted in injuries and damages to Plaintiff.

40. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment rights as referenced herein.

41. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights committed by Defendants as set forth herein, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

### COUNT III
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 UNLAWFUL ENTRY
### AS TO DEFENDANT CAMPBELL

42. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

43. That the Fourth Amendment to the United States Constitution clearly establishes that Plaintiff has a right to be secure in her person, houses, papers, property, and effects, against entry without legal justification or permission.

44. That the Fourth Amendment to the United States Constitutional clearly prohibits unwelcomed intrusions and entry onto Plaintiff's private property without lawful justification or permission.

45. There was no lawful justification or exigent circumstances that permitted Defendant Campbell to enter Plaintiff's private property on the date of the incident complained of.

46. At all relevant times herein, Defendant Campbell acted under color of law, within the course and scope of her employment, and in her individual and official capacities.

47. Defendant Campbell acted unreasonably and otherwise violated Plaintiff's clearly established constitutional rights when she unlawfully entered onto Plaintiff's property without lawful justification or permission.

48. That the actions of Defendant Campbell were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution and the Amendments thereto; and which proximately resulted in injuries and damages to Plaintiff.

49. Defendant Campbell is not entitled to qualified immunity because she violated Plaintiff's clearly established Fourth Amendment rights as referenced herein.

50. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights committed by Defendants as set forth herein, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

## COUNT IV
## GROSS NEGLIGENCE
## AS TO DEFENDANTS CAMPBELL AND NOELLE

51. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

52. That the governmental agency that employed Defendants was engaged in the exercise and/or discharge of a governmental function.

53. That Defendants' conduct amounted to gross negligence that was the proximate cause of Plaintiff's injuries and damages.

54. Defendants' actions and/or inactions were such that they completely ignored the potential risk of injury to Plaintiff.

55. At the time of the incidents complained of, Defendants were working for and/or employed by the City of Durand Police Department and therefore had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiff.

56. Notwithstanding these duties, Defendants breached their duties with deliberate indifference and gross negligence and without regard to Plaintiff's rights and welfare, which caused serious injuries and damages to Plaintiff.

57. Defendants breached their duties to Plaintiff by failing to treat Plaintiff with dignity and respect; by failing to avoid foreseeable injury to Plaintiff while pursuing police activity; and/or engaging in actions and/or inactions that were so reckless that it demonstrated a substantial lack of concern for whether an injury would result.

58. Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff.

59. Defendants engaged in conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted; thereby causing Plaintiff injuries and damages.

60. That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff sustained injuries and damages.

61. Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe; thus, Plaintiff is entitled to exemplary damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

## COUNT V
## DEFENDANT CITY OF DURAND'S CONSTITUTIONAL VIOLATIONS

62. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

63. Defendant City of Durand acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

64. These customs, policies, and/or practices included but were not limited to the following:

    a. Failing to train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise its police officers regarding the appropriate uses of force;

  c. Failing to adequately train and/or supervise its police officers regarding the lawful detainment of citizens;

  d. Failing to adequately train and/or supervise its police officers regarding reasonable seizures;

  e. Failing to adequately train and/or supervise its police officers regarding the lawful effectuating of arrests;

  f. Failing to adequately train and/or supervise its police officers regarding lawful physical contact and force with citizens;

  g. Failing to supervise, review, and/or discipline its police officers whom Defendant City of Durand knew or should have known were violating or were prone to violating citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

  h. Failing to adequately train and/or supervise its police officers regarding the lawful entry onto personal property.

65. Defendant City of Durand's conduct demonstrated a substantial lack of concern for whether an injury resulted.

66. Defendant City of Durand's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

67. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has

a viable claim for compensatory and punitive damages, plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1983 and § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including interest, attorney fees, and costs.

                Respectfully Submitted,
                CHRISTOPHER TRAINOR & ASSOCIATES


                **/s/ Shawn C. Cabot**
                CHRISTOPHER J. TRAINOR (P42449)
                SHAWN C. CABOT (P64021)
                KRYSTINA R. DOSS (P77365)
                Attorneys for Plaintiff
                9750 Highland Road
                White Lake, MI  48386
                (248) 886-8650
                shawn.cabot@cjtrainor.com

Dated:  November 7, 2024
SCC/

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

KIMBERLY PENDYGRAFT,

    Plaintiff,

v.                                                    CASE NUMBER:
                                                    HONORABLE:

CITY OF DURAND, SARAH CAMPBELL,
and NICOLE NOELLE, in their individual
and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, by and trough her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

        Respectfully Submitted,

        CHRISTOPHER TRAINOR & ASSOCIATES


        **/s/ Shawn C. Cabot**
        CHRISTOPHER J. TRAINOR (P42449)
        SHAWN C. CABOT (P64021)
        KRYSTINA R. DOSS (P77365)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        shawn.cabot@cjtrainor.com

Dated:  November 7, 2024
SCC/